

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LATONYA J. SMITH                                                    PLAINTIFF

V.                                    CAUSE NO.: _2:16cv185-KS-MTP_

THERAPY MANAGEMENT CORPORATION                           DEFENDANT

## COMPLAINT
### (A JURY TRIAL IS DEMANDED)

COMES NOW Plaintiff, LATONYA J. SMITH, brings this action against the captioned Defendant(s). Unless otherwise stated, "Defendant" or "Defendants" shall also refer to Defendant as well as all Defendants to be named (to the extent Plaintiff agrees to proceed against them). As more specifically set forth below, Plaintiff has been subjected to race-based discrimination prior to termination and resulting in it, as well as retaliation prior to discharge and resulting in it. The actions of Therapy Management Corporation described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. as amended, 42 U.S.C. § 1981a, as well as violations of 42 U.S.C. §1981 et seq. generally. This is to allege PLAINTIFF is entitled to all recoverable costs, amounts, damages provided for by 42 U.S.C § 1981a, under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et seq. as amended, and in the alternative and in addition, under 42 U.S.C. § 1981 et seq. generally.

In support of her Complaint and causes of action set as forth therein, Plaintiff states as follows.

### JURISDICTION AND VENUE

1. At all relevant times hereto Defendant Therapy Management Corporation has been entity engaged in an industry affecting commerce within the meaning of Section 701(b), through (h)

- 1 -

of Title VII, 42 U.S.C. §2000e(b) through (h) (and any related subsections), and other relevant sections of law. In the alternative, Defendant otherwise falls under the jurisdiction of Federal laws noted above and below. All damages and losses are sought to be recovered according to all provisions allowing or addressing recoverable damages set forth in the above-mentioned laws. Plaintiff incorporates, in her prayer for relief below, all provisions of the above-mentioned laws defining and describing the types of damages, amounts of damages, and categories of damages she may recover. She specifically claims he is entitled to recover all such available damages recoverable under all law referred to in this Complaint, (or otherwise implicated by the facts or causes of action) all of which are sought pursuant to this Complaint whether or not specifically noted below.

2.    The civil rights violations, and wrongful employment practices perpetuated by Defendants (including but not limited to race discrimination, racial harassment, racially hostile work environment, retaliation, and all conduct, facts, occurrences, acts or omissions providing any basis for legal action) shall hereafter also be referred to as "actionable conduct". This Honorable Court has jurisdiction of this matter (due to federal questions according to 28 USC § 1331) and venue is proper according to 28 USC § 1391.

3.    Plaintiff has satisfied administrative conditions prior to the commencement of this action under Title VII, by filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.  Plaintiff was issued a Right to Sue letter dated 8.9.16 and received thereafter. The Right to Sue and Charge are collectively attached hereto as *Exhibit "A"*.

4.    All Counts, claims, causes of action, allegations, statements, and theories of recovery are alleged in the alternative to each other, and also in addition to each other. The matters below are set forth while reserving the chance to provide alternate or additional explaining details.  Nothing herein shall be deemed as waiving requirements of notice pleading.  Unless otherwise stated in the

heading of the Count or within the Count, all Counts, and claims within them, are meant to be applicable to all Defendants named or to be named.

## PARTIES

5.      Plaintiff, LATONYA J. SMITH, is an adult resident of Lamar County, Mississippi. At times contemplated by the facts and causes of action contemplated herein, she resided at 32 Hickory Hollow, Hattiesburg, Mississippi 39402.

6.      Defendant, THERAPY MANAGEMENT CORPORTATION was an Employer in Mississippi within the above judicial district at the time of all acts and omissions which are the subject of this Complaint.  Substantial actionable conduct giving rise to the claims occurred there. Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served).  This shall also serve as Plaintiff's Motion to substitute parties or amend as may be needed to assure proper names are before the Court.  Defendant, THERAPY MANAGEMENT CORPORATION is reasonably believed to be able to be served with process c/o Business Filings International, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and\or wherever else Defendant may be found.

## STATEMENT OF FACTS

7.      Plaintiff worked with Defendant beginning on or about September 22, 2014 until her termination on August 20, 2015. Plaintiff is a member of a protected class, the African American race. Plaintiff worked as a patient satisfaction surveyor.

8.      In early November 2014, another employee, Cassandra Bynum, complained about what she reasonably believed to be race discrimination at the employment including, but potentially not limited to, conduct on the part of Joy McGraw, Plaintiff's supervisor.

9.      It is reasonably believed that shortly after Ms. Bynum's complaints, wherein it is reasonably believed Ms. Bynum compared the treatment of African Americans at the employment to

3

slavery, Defendant instituted an investigation by and through individuals including, but potentially not limited to, those at its HR department.

10.     It is reasonably believed that during the process of the complaints and investigation, various complaints were made to Defendant, including but not limited to concerns about office keys not given to African American employees. The complaints are reasonably believed to have involved concerns about the treatment of African Americans on the job generally.

11.     After the events referred to above, Plaintiff was contacted by HR and asked about alleged discrimination which was apparently made known to HR by Ms. Bynum. During that conversation and investigation, Plaintiff made it known that she also believed she was being discriminated against by Joy McGraw. Plaintiff discussed Ms. McGraw's hostile and aggressive behavior towards Plaintiff. Plaintiff represented that she did not witness the same conduct towards non African-American employees, such that Plaintiff reasonably believed the conduct was discriminatory.

12.     Plaintiff also complained that she agreed there was discriminatory conduct as reasonably believed to have reported by Ms. Bynum, including but potentially not limited to, the hostile and harassing behavior referred to above, as well as the fact that non-African American employees were allowed to take breaks, under circumstances wherein others had to perform their duties when they left the office. Plaintiff also complained that she did not have a key to the office and that it reasonably appeared that the African American employees were not given keys.

13.     Thereafter, in early December 2014, Plaintiff was called into a meeting by Joy McGraw who represented she was aware of the investigation into alleged discriminatory conduct, asked Plaintiff what Plaintiff was asked in the investigation, as well as asked what Plaintiff said to HR. Ms. McGraw promptly reminded Plaintiff that she was in a 90 day probationary period therefore reasonably indicating to Plaintiff she could be terminated.

4

14. The statements reminding Plaintiff she could be terminated, in conjunction with asking Plaintiff about her participation in the investigation, reasonably indicated to Plaintiff that, when all statements were considered as a whole, Ms. McGraw was (at the very least) indicating Plaintiff could be terminated for participating in the investigation.

15. Shortly after the meeting with Ms. McGraw, it is reasonably believed HR instructed that Plaintiff be given the key to the office.

16. While Plaintiff's claims exist regardless, it is reasonably believed that Ms. Bynum left the work environment in whole or in part because she believed it was discriminatory.

17. Following the above events, the hostile, harassing, and racially discriminatory conduct continued and intensified due to Plaintiff's complaints and Defendant's discrimination. While reserving the right to provide other examples in discovery, Plaintiff was faced with alleged violations of company policy, procedure, and/or practice under circumstances wherein her actions should not have warranted any significant concern with Plaintiff's work or work performance. Defendant alleged various attendance issues, and alleged issues regarding her time at work.

18. Prior to the above events, Plaintiff was reasonably informed that, since she was in her probationary period, she could take time off (but would not get paid) provided there was verbal notice and permission. Further, Plaintiff was informed that for times after the probationary period she was also allowed to take days off when all her accrued hours were used up.

19. At all times referred to in this Complaint wherein Defendant allegedly expressed concerns with Plaintiff's attendance and/or time periods working, Plaintiff obtained permission to act in the manner she did with regard to attendance and time at the job (or leaving the job).

20. Plaintiff obtained permission to leave the work and/or take time off by Kim, Ms. McGraw's supervisor. Plaintiff reasonably understood Kim to have authority to grant Plaintiff time off, and/or grant permission to leave.

21.     Defendant had a practice of allowing other non-African American employees to have time off if requested, or to leave early if requested, and Plaintiff acted consistent with this practice as reasonably understood by her.

22.     Notwithstanding the above, Plaintiff received allegations and/or write-ups for being off on days she was told she could allegedly be off as well as for alleged attendance issues.

23.     Defendant was not strict with regard to start times on the job. Plaintiff reasonably understood from Kim as well as from the practice of others, that if she was going to be late she could let Kim or Joy McGraw know. Defendant in fact tolerated other employees coming in late and leaving early.

24.     The alleged allegations of violations referred to above, as well as other alleged deviations from practice were part of a hostile, harassing, and racially discriminatory environment that continued and escalated following Plaintiff's participation in the investigation of discrimination due to Ms. Bynum's complaints, as well as following Plaintiff's own complaints.

25.     The escalation of the hostile environment, and claimed violations that were not adequately supported when considering Defendant's practices (and what Plaintiff reasonably understood she was allowed).  The discriminatory and hostile work environment continued, not only following the participation in Ms. Bynum's investigation, but also following Plaintiff's complaints about conduct she experienced made known to HR during the Bynum investigation, and following Plaintiff's complaints thereafter.

26.     Plaintiff made multiple complaints regularly through her employment about what was reasonably believed to be discrimination and retaliation.  They included but were not limited to complaints of Joy McGraw being hostile to her and claiming alleged violations that were not adequately supported when considering Defendant's practices.

27.     At regular times during the actionable conduct referred to in this Complaint, Plaintiff made it known that she believed she was being retaliated against and discriminated against. For example, while reserving the right to provide others, Plaintiff told Kim that Joy was writing her up for days off which she was allowed to take off.  Plaintiff complained that these alleged allegations were retaliatory and discriminatory.  Plaintiff also alleged Defendant continued to act in a discriminatory and retaliatory manner with regard to alleged violations.

28.     Following Plaintiff's complaints to Kim about the retaliatory and discriminatory conduct, Kim told Plaintiff the situation would be addressed. Plaintiff reasonably relied upon Joy's supervisor, Kim, to provide corrective opportunities so as to address the racially discriminatory and harassing conduct.

29.     The discriminatory, retaliatory, and harassing environment also continued and intensified when Plaintiff begin being excessively scrutinized and treated with hostility on a regular basis by Joy McGraw.

30.     For example, while reserving the right to provide others, Plaintiff would make entries into a computer system and would directly notice that when she came back entries were altered and/or deleted. Plaintiff complained about this conduct to no avail.  In addition, at one point, Ms. McGraw sent an email allegedly claiming Plaintiff had violated policy, when it is reasonably believed Ms. McGraw told another who had not complained about the discrimination essentially to disregard the email.

31.     Throughout 2015, prior to Plaintiff's termination, Plaintiff made it known that she believed she was being discriminated against and retaliated against as a result of her prior complaints and participation in the Bynum investigation.

32.     Plaintiff was faced with allegations of violations under circumstances wherein Defendant had a practice of tolerating certain conduct, yet attempted to claim Plaintiff was

7

responsible for it, was well as wherein Plaintiff actually followed Defendant's practices as reasonably understood by her.

33. Plaintiff eventually met with Joy McGraw and HR Representatives present. Plaintiff was targeted in a hostile manner and was essentially told that Joy McGraw was not going anywhere. Plaintiff sough only to have the conduct addressed and corrected yet was denied these opportunities.

34. Defendant alleged unsupported and/or inadequate reasons for termination. Defendant attempted to use alleged attendance and/or performance issues under circumstances wherein Plaintiff followed what she reasonably believed understood to be Defendant's practices.

35. Further, Plaintiff was told that she had 9 telephone calls which she failed to return. This was unsupported and untrue as stated.

36. While Plaintiff denies she was responsible for any alleged performance problems or violations that should have supported or warranted the conduct she experienced from Defendant, Plaintiff argues in the alternative and in addition, that any alleged violations or deviations from claimed policy on the part of other employees (who did not complain) were similar or worse, and they were not treated as she was treated.

37. Regardless of Defendant's treatment of comparators, and whether or not Defendant alleges Plaintiff may be properly compared to others, Defendant's own representations and actual practices indicated that Plaintiff's conduct Defendant now claims as a basis for termination should have been tolerated and/or accepted so as not to provide a basis for the adverse employment actions against her.

38. Any reasons for termination as alleged by Defendant were not adequately supported and/or false and/or unworthy of belief when considering Defendant's practices as a whole such that they were pretextual for discrimination and/or retaliation.

39.    Should Defendant claim Plaintiff failed to take advantage of or avail herself of corrective opportunities (which Plaintiff denies based on what she reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole.  (Plaintiff reserves the right to deny she failed to adequately take advantage of or avail herself of corrective opportunities when all circumstances are considered as a whole).  Plaintiff acted reasonably when considering all facts and complained on multiple occasions.

40.    In the alternative to the above and in addition to the other allegations, Defendant did not communicate adequate policies, procedures and/or practices adequately and sufficiently.  In the alternative and in addition, Defendant did not carry out adequate policies, procedures, and/or practices sufficiently and adequately.  In the alternative and in addition, Defendant's policies, procedures, and/or practices were not adequate when considering all factors.  In the alternative and in addition, Defendant offered one or more complaint procedures that were wholly inadequate, ineffective, and legally infirm.

41.    In the alternative and in addition to the allegations in the prior paragraph, the hostile work environment essentially allowed one or more inadequate avenues to complain.

42.     Plaintiff acted reasonably when considering all facts and how she complained and attempted to have the environment addressed.

43.    Defendant's conduct directly and proximately resulted in all losses referred to herein. It was reasonably foreseeable Plaintiff would suffer the losses she did as a result of actionable conduct which affected her.

## CAUSES OF ACTION

### COUNT I
### CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED
### AND 42 U.S.C. § 1981
### BASED ON RACE DISCRIMINATION DURING EMPLOYMENT
### PRIOR TO TERMINATION

44.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.   The claims alleged in this Count are alleged in the alternative, and in addition, to each other.   They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

45.     Defendant is alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Complaint.

46.     In the alternative and in addition, Plaintiff makes separate claims and causes of action pursuant to 42 U.S.C. § 1981 et seq., as a result of being discriminated against by Defendant in the carrying out of her employment agreement with Defendant.

47.     Plaintiff seeks all damages available under all laws referred to in this Complaint.

48.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment in various ways as referred to above and below.

49.     In the alternative and in addition to the claims in the below following three paragraphs, Plaintiff was discriminated against with regard to the terms, and/or conditions, and/or privileges of employment when considering differences in treatment between herself and one or more similarly situated non-African Americans.

50.     Plaintiff makes separate claims that Defendant discriminated against her when it enforced work rules differently towards Plaintiff as an African American.  Defendant discriminated against Plaintiff when considering how it carried out its enforcement of work rules, and when

10

considering how Defendant otherwise discriminated against and harassed Plaintiff during her employment. While Plaintiff reserves the right to allege she was not responsible for violations in the manner Defendant may allege or may have alleged, Plaintiff argues in the alternative and in addition, that Defendant tolerated similar or worse conduct on the part of non-African Americans than that Defendant alleged she engaged in, though they were not treated similarly.

51. In the alternative and in addition to the claims referred to in the prior two paragraphs, and claims in the below paragraph, Plaintiff claims that Defendant otherwise subject her to hostile mistreatment, in a manner in which it did not subject non-African-Americans. This represented a difference in treatment between Plaintiff and one or more non-African-Americans regardless of whether Plaintiff meets the elements of hostile work environment claims or other discrimination claims (which requirements Plaintiff argues he does meet in the alternative and in addition).

52. In the alternative and in addition to the separate claims referred to in the above three paragraphs, Plaintiff was required to work in an environment where concerns of discrimination were not adequately investigated, addressed, or corrected. She was denied the privilege of employment of seeing his concerns of discrimination adequately investigated or addressed, which she should have been able to reasonably expect. Defendant failed to adequately, investigate, or address Plaintiff's complaints of the discriminatory environment. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

53. In the alternative and in addition to the claims above and below, Plaintiff was otherwise subject to discrimination based on her race during employment when considering Defendant's actions, the actionable conduct as a whole, Defendant's treatment of Plaintiff as described in this Complaint, its attempts to use alleged violations of work rules (and other alleged concerns regarding performance against her) and its communications towards her. The claims in

this paragraph exist regardless of Defendant's treatment of others though Plaintiff also reserves the right to claims she was treated differently.

54.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

55.    In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

56.    Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT II
## CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED
## AND 42 U.S.C. § 1981
## BASED ON MISTREATMENT IN THE FORM OF
## DISCRIMINATORY TERMINATION

57.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

58.    Defendant is alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Complaint.  Plaintiff seeks all damages available under all laws referred to in this Complaint.

59.    In the alternative and in addition, Plaintiff makes separate claims and causes of action pursuant to 42 U.S.C. § 1981 et seq., as a result of being discriminated against by Defendant in the carrying out of her employment agreement with Defendant.

12

60.    Plaintiff seeks all damages available under all laws referred to in this Complaint.

61.    Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment during the employment and resulting in discharge.

62.    Plaintiff was treated differently than one or more similarly situated non-African Americans when Plaintiff, as an African American, was terminated wherein one or more similarly situated non-African Americans were not terminated. Plaintiff reserves the right to argue, in the alternative and in addition, that she was replaced by one or more non-African Americans. Plaintiff refers to and incorporates the differences in treatment outlined in this Complaint.

63.    In the alternative and in addition to other claims in this Count and in the others, Defendant failed to adequately carry out and provide corrective opportunities Plaintiff should have expected which would have adequately investigated, addressed and corrected discrimination, therefore resulting in Plaintiff's discharge.

64.    In the alternative and in addition, Plaintiff was otherwise subject to discrimination based on her race resulting in termination when considering Defendant's actions, the actionable conduct as a whole, Defendant's treatment of Plaintiff as described in this Complaint, its attempts to use alleged violations of work rules (and other alleged concerns regarding performance against her) and its communications towards her. The claims in this paragraph exist regardless of Defendant's treatment of others though Plaintiff also reserves the right to claims she was treated differently.

65.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

66. In the alternative and in addition, the unlawful actions of the Defendant were in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

67. Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT III
## RACIAL HARASSMENT CLAIMS FOR CONDUCT
## PRIOR TO TERMINATION
## (CLAIMS OF A RACIALLY HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII AS AMENDED, AND 42 U.S.C. §1981)

68. Plaintiff re-alleges and incorporates all averments set forth above as if fully incorporated here. Defendant entities are vicariously liable for the claims in this Count. Defendants are alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended. This action therefore arises under Title VII of the Civil Rights Act of 1964 as Amended including but not limited to the Civil Rights Act of 1991, 42 § U.S.C. 1981a.

69. In the alternative and in addition, Plaintiff makes separate claims and causes of action pursuant to 42 U.S.C. § 1981 et seq., as a result of being discriminated against and harassed by Defendant in the carrying out of her employment agreement with Defendant.

70. Plaintiff seeks all damages available under all laws referred to in this Complaint.

71. Defendant subjected Plaintiff to a hostile work environment, severe or pervasive racial harassment, as a result of the racially harassing environment for which Defendant is legally responsible.

72. Plaintiff was treated adversely as a result of racial harassment in the environment substantially affecting her and the work environment, with regard to the terms, conditions, and privileges of employment due to actionable conduct prior to the time of Plaintiff's constructive discharge.

14

73. Defendant is vicariously liable for hostile work environment created by one or more supervisors or employees prior to Plaintiff's termination. In the alternative and in addition Defendant is liable for harassment which Defendant failed to adequately promptly address and correct, even though Defendant knew of or should have known of it prior to Plaintiff's discharge.

74. Plaintiff makes separate claims for each act of racial harassment perpetuated upon her. Plaintiff makes separate claims under the above laws for each act of racial harassment referred to in this Complaint, and which may be illustrated in discovery. Although Plaintiff claims she meets the requirements of claims for hostile work environment (as well as discrimination and retaliation) resulting in termination as stated in the other Counts, Plaintiff maintains claims for hostile work environment racial harassment during the employment regardless.

75. As a direct and proximate result of Defendant's unlawful, discriminatory and harassing conduct toward Plaintiff, Plaintiff has suffered losses as more fully described in the above and below provisions of this Complaint incorporated herein. The losses and damages referred to in this paragraph are also meant to include and incorporate any losses and damages noted, plead, and referred to in other parts of the Complaint.

76. Defendant's acts and omissions were in reckless disregard of the statutory and legal rights of Plaintiff to be free from actionable conduct under Federal law. In the alternative Defendant acted wantonly willfully and/or in reckless disregard for Plaintiffs rights to be free from actionable conduct under Federal Law which resulted in damages including but not limited to Plaintiff's discharge and those resulting therefrom.

## COUNT IV
## RACIAL HARASSMENT CLAIMS FOR CONDUCT
## RESULTING IN TERMINATION
## (CLAIMS OF A RACIALLY HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII AS AMENDED, AND 42 U.S.C. §1981)

77.    Plaintiff re-alleges and incorporates all averments set forth above as if fully incorporated here.  Defendant entities are vicariously liable for the claims in this Count. Defendants are alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended. This action therefore arises under Title VII of the Civil Rights Act of 1964 as Amended including but not limited to the Civil Rights Act of 1991, 42 § U.S.C. 1981a.

78.    In the alternative and in addition, Plaintiff makes separate claims and causes of action pursuant to 42 U.S.C. § 1981 et seq., as a result of being discriminated against and harassed by Defendant in the carrying out of her employment agreement with Defendant.

79.     Plaintiff seeks all damages available under all laws referred to in this Complaint.

80.    Defendant subjected Plaintiff to a hostile work environment, severe or pervasive racial harassment, as a result of the racially harassing environment for which Defendant is legally responsible.

81.    Plaintiff was treated adversely as a result of racial harassment in the environment substantially affecting her and the work environment, with regard to the terms, conditions, and privileges of employment due to actionable conduct resulting in Plaintiff's discharge.

82.    Defendant is vicariously liable for hostile work environment created by one or more supervisors or employees prior to Plaintiff's termination. In the alternative and in addition Defendant is liable for harassment which Defendant failed to adequately promptly address and correct, even though Defendant knew of or should have known of it prior to Plaintiff's discharge.

83.    Plaintiff makes separate claims for each act of racial harassment perpetuated upon her.  Plaintiff makes separate claims under the above laws for each act of racial harassment referred

16

to in this Complaint, and which may be illustrated in discovery. Although Plaintiff claims she meets the requirements of claims for hostile work environment (as well as discrimination and retaliation) prior to termination as stated in this Count, Plaintiff maintains claims for hostile work environment racial harassment resulting in termination regardless.

84.     As a direct and proximate result of Defendant's unlawful, discriminatory and harassing conduct toward Plaintiff, Plaintiff has suffered losses as more fully described in the above and below provisions of this Complaint incorporated herein. The losses and damages referred to in this paragraph are also meant to include and incorporate any losses and damages noted, plead, and referred to in other parts of the Complaint.

85.     Defendant's acts and omissions were in reckless disregard of the statutory and legal rights of Plaintiff to be free from actionable conduct under Federal law.  In the alternative Defendant acted wantonly willfully and/or in reckless disregard for Plaintiffs rights to be free from actionable conduct under Federal Law which resulted in damages including but not limited to Plaintiff's discharge and those resulting therefrom.

**COUNT V**
**CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII AS AMENDED**
**AND 42 U.S.C. § 1981**
**DURING EMPLOYMENT PRIOR TO TERMINATION**

86.     Plaintiff re-alleges and incorporates all averments set forth above and below as if fully incorporated here.  Plaintiff was treated adversely with regard to the terms and conditions of Employment when she was retaliated against by Defendant due to complaining about conduct believed to be discriminatory (opposing it), as well as for participating in an EEO investigation of Ms. Bynum.  Plaintiff was retaliated against before she was discharged by adverse employment actions against her. Plaintiff maintains claims for retaliation during the employment regardless of

her separate claims for retaliation (and other actionable conduct) occurring in the form of termination.

87.    The adverse employment actions against Plaintiff prior to discharge included, but were not limited to, the allowance of, and perpetuation of, an increasingly hostile and discriminatory work environment in retaliation for Plaintiff's complaints.  They also included but were not limited to, Defendant's open failure to afford her the benefit of the corrective opportunities and procedures which Defendant represented it had in place and which should have provided adequate investigation of, addressing, and correcting racial discrimination and harassment.  Defendant retaliated against Plaintiff by its open clear failure to adequately investigate, address and correct a racially hostile work environment, discriminatory, and/or retaliatory environment.  Plaintiff was retaliated against also by the allegations of alleged violations of policy, procedure, and/or practice when in fact she should not have been held responsible under the circumstances.  Plaintiff was excessively scrutinized, isolated, and treated with hostility, as Defendant interfered with her work environment as stated above, therefore constituting adverse employment action.  Plaintiff further alleges that she was treated differently than one or more employees who did not oppose discriminatory conduct in support of her claims for retaliation.

88.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. §1981a.

89.    In the alternative and in addition, Plaintiff had a right to be free from the effects of retaliatory practices in her employment relationship and/or agreement with Defendant, and therefore makes claims under 42 U.S.C. § 1981 et seq. for each act of retaliation.

90.    Plaintiff seeks all damages available under all laws referred to in this Complaint.

91.    Plaintiff makes separate claims for each act of retaliation perpetuated upon her following each separate time complaining (opposing) and participating in an investigation. Plaintiff makes separate claims under section 704 of Title VII and Title VII as amended, and separately under 42 U.S.C. § 1981 et seq. for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery. Plaintiff claims all available damages under all Federal law referenced in this Complaint.

92.    As a direct and proximate result of Defendant's unlawful, conduct toward Plaintiff, has suffered losses and damages as more fully described in all other parts of the Complaint incorporated here.

93.    Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. He reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

## COUNT VI
## CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII AS AMENDED AND 42 U.S.C. § 1981 RESULTING IN RETALIATORY TERMINATION

94.    Plaintiff re-alleges and incorporates all averments set forth above and below as if fully incorporated here. Plaintiff was treated adversely with regard to the terms and conditions of Employment when she was retaliated against by Defendant due to complaining about conduct believed to be discriminatory (opposing it), as well as for participating in an EEO investigation of Ms. Bynum. Plaintiff was retaliated against before she was discharged by adverse employment actions against her. Plaintiff reserves the right to claim she was terminated when one or more other employees who did not complain or participate in an investigation were not terminated. Plaintiff

maintains claims for retaliation in the form of termination in addition to Claims in the other Counts for retaliation (and other actionable conduct) prior to termination.

95.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. §1981a.

96.    In the alternative and in addition, Plaintiff had a right to be free from the effects of retaliatory practices in her employment relationship and/or agreement with Defendant, and therefore makes claims under 42 U.S.C. § 1981 et seq. for each act of retaliation.

97.    Plaintiff seeks all damages available under all laws referred to in this Complaint.

98.    Plaintiff makes separate claims for each act of retaliation perpetuated upon her following each separate time complaining (opposing) or participating in an investigation. Plaintiff makes separate claims under section 704 of Title VII and Title VII as amended, and separately under 42 U.S.C. § 1981 et. seq. for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery. Plaintiff claims all available damages under all Federal law referenced in this Complaint.

99.    As a direct and proximate result of Defendant's unlawful, conduct toward Plaintiff, has suffered losses and damages as more fully described in all other parts of the Complaint incorporated here.

100.    Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. He reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

20

DAMAGES INCLUDING, BUT NOT LIMITED TO,
PUNITIVE DAMAGES

101.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.    Plaintiff suffered losses and damages as set forth below and incorporated herein. Plaintiff preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was).    Defendant acted in reckless disregard for Plaintiff's civil rights and for the law in its actionable conduct giving rise to the above claims.

CONSOLIDATED PRAYER FOR RELIEF TO BE APPLICABLE TO ALL ABOVE SEPARATE CLAIMS INDIVIDUALLY AND TOGETHER.    (THE BELOW IS INCORPORATED INTO ALL ABOVE COUNTS AND CLAIMS AND DEMANDED AS A RESULT OF THE ACTIONABLE CONDUCT DESCRIBED ABOVE.)

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial on each separate claim(s) in each separate Count.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action:

1.    Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct, as well as fair compensation for the acts and omissions referred to;

2.    Damages against Defendant in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative

21

and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical or mental health treatment which might occur in the future if OR which Plaintiff might be reccomended to have or might have been recommended. Plaintiff otherwise prays for any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past present or future, or for the past, present and future. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages she may legally recover. Plaintiff also claim all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint; and

3.      Plaintiff prays for punitive damages in the maximum amount allowed by law.

4.      Such further relief as is deemed just and proper. (Plaintiff claim all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY TRIAL DEMAND

### Plaintiff demands a jury trial on all matters raised by the Complaint

### as Respectfully Stated Herein pursuant to the U.S. Constitution

RESPECTFULLY SUBMITTED, this the 2ⁿᵈ day November, 2016.

FOR THE PLAINTIFF,
LATONYA J. SMITH

BY: _____

MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSB# 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com